UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC, | No. 2:24-cv-03749-TLN-CKD |
| Plaintiff, | |
| v. | ORDER DENYING MOTION TO QUASH |
| JOHN DOE subscriber assigned IP address 172.124.239.57 | |
| Defendant. | |

On February 27, 2025, defendant John Doe filed a motion to quash a subpoena issued by plaintiff Strike 3 Holdings, LLC, to defendant's internet service provider ("ISP"), AT&T Inc., seeking his[1] subscriber information. Upon review of defendant's motion to quash and plaintiff's response, the court finds this motion can be resolved without oral argument. The court denies defendant's motion to quash the subpoena. Plaintiff is ordered to serve a copy of this order on the ISP.

**I.     RELEVANT BACKGROUND**

This case is one of many filed by Plaintiff Strike 3 Holdings, LLC, alleging copyright infringement of adult-content movies distributed through its websites. ECF No. 1, ¶¶ 1-3. Plaintiff alleges defendant has, over a period of time, used the BitTorrent protocol to download and

---

[1] Defendant's gender is not known. Pronouns refer to the "John Doe" party designation by plaintiff.

1

distribute 31 of plaintiff's movies to others in violation of plaintiff's copyrights. ECF No. 1, ¶ 4. Defendant is known to plaintiff only by his IP address, which is maintained by AT&T. ECF No. 1, ¶ 5.

In order to acquire the true name and address of defendant, plaintiff brought an ex parte application to serve a third-party subpoena on defendant's ISP. ECF No. 3. The undersigned determined that good cause existed for the application and granted the application on February 7, 2025. ECF No. 4. On or about February 7, 2025, plaintiff served the subpoena on the ISP, which has not yet responded. See ECF No. 4. Apparently the ISP provided notice of the subpoena to defendant John Doe, because on February 27, 2025, defendant moved to quash the subpoena. ECF No. 5. Plaintiff filed a response in opposition. ECF No. 6.

**II.     LEGAL STANDARD**

"Under Federal Rule of Civil Procedure 45, any party may serve a subpoena that commands a non-party 'to produce documents, electronically stored information, or tangible things….'" Soto v. Castlerock Farming & Transp., Inc., 282 F.R.D. 492, 504 (E.D. Cal. 2012) (citing Fed. R. Civ. P. 45(a)(1)(C)).

When a party timely files a motion to quash, a district court must "quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Additionally, a district court "may… quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

The party issuing the subpoena must demonstrate that the discovery is relevant, while the party seeking to quash the subpoena has the burden of persuasion. Soto, 282 F.R.D. at 502.

**III.     DISCUSSION**

Defendant moves to quash the subpoena on the basis that during the alleged time,

2

defendant was working at home using a VPN, which defendant argues means the IP address recorded may not accurately reflect defendant's actual internet activity or location. ECF No. 5 at 2. Defendant asks the court to quash the subpoena, asserting that an IP address alone is insufficient proof of infringement. Id.

In sum, defendant claims innocence. While this defense may prove to be true, courts in this and other circuits have consistently rejected the argument that a defendant's status as a registered subscriber of an IP address associated with infringing activity is insufficient to support discovery of the subscriber's identity where others could have used the IP address. E.g., Strike 3 Holdings, LLC v. Doe, No. 19cv2425-JAH (LL), 2020 U.S. Dist. LEXIS 84577, at *9 (S.D. Cal. May 3, 2020) ("although an IP address and a subscriber's name alone may be insufficient to state a claim of infringement, …subpoenas may [ ] be used to determine a subscriber's name"); Strike 3 Holdings, LLC v. Doe, No. 4:18-cv-04993-KAW, 2019 U.S. Dist. LEXIS 19497, at *6 (N.D. Cal. Feb. 6 2019); Strike 3 Holdings, LLC v. Doe, No. 2:18-cv-02637 MCE CKD, 2019 U.S. Dist. LEXIS 30674, at ** 9 & 11 (E.D. Cal. Feb. 26, 2019) (citing collected cases).

At this point in the litigation, plaintiff has made an adequate showing of the need to subpoena defendant's ISP to determine whether it can obtain the identity of the proper defendant. Defendant cites no authority for preventing the discovery. To the extent defendant alleges factual innocence, such a consideration is premature and may be raised in a motion to dismiss. The subscriber's identity will remain protected, both in and out of court, until the court orders otherwise. See ECF No. 4.

**IV.     REQUEST FOR EXTENSION OF TIME**

On March 27, 2025, plaintiff filed a motion for an extension of time to serve defendant. ECF No. 8. Plaintiff was required to serve defendant by March 27, 2025, but was unable to do so because of the pending motion to quash. Id. at 2-3. Plaintiff has shown good cause to extend the time to serve defendant. Therefore, plaintiff's request for an extension of time is GRANTED. Plaintiff shall have up to and including May 26, 2025 to effectuate service of a summons and complaint on defendant.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to quash the subpoena (ECF No. 5) is DENIED;
2. Plaintiff's motion for an extension of time (ECF No. 8) is GRANTED; and
3. Plaintiff shall have up to and including May 26, 2025 to serve defendant.

Dated:  April 1, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, stri.3749.24

4